IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DAVID W. FISHER, )
)
    Plaintiff, )
v. ) Civil Action No. 3:20CV846–HEH
)
LIDIA LORENA )
FERNANDEZ-CASAS,[1] )
)
    Defendant. )

**MEMORANDUM OPINION**
**(Granting Motion to Dismiss)**

David W. Fisher, a Virginia prisoner, proceeding *pro se*, filed this action. The action proceeds on the Second Particularized Complaint. (ECF No. 12.) The matter is before the Court on Defendant Lidia Lorena Fernandez-Casas's Motion to Dismiss. (ECF No. 22.) Despite the provision of *Roseboro* notice,[2] Fisher did not file a response. For the reasons set forth below, the Motion to Dismiss (ECF No. 22) will be granted.

**I. STANDARD OF REVIEW**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and*

---

[1] Counsel notes that "Nurse Garcia" is really Ms. Fernandez-Casas. Accordingly, the Clerk is DIRECTED to update the docket to reflect the corrected name. (ECF No. 23, at 1.) The Court employs the pagination assigned by the CM/ECF docketing system.

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

*Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d

193, 213 (4th Cir. 2002); *see also Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.  SUMMARY OF ALLEGATIONS AND CLAIMS

In his brief Second Particularized Complaint, Fisher alleges as follows:[3]

> On the dates of Feb. 11th – 13th, while I was being housed in D Pod, due to COVID protocol, during med pass, I asked for my mental health meds. Nurse [Fernandez-Casas] made several remarks [and] told me "she wasn't giving me shit," until she was ready. This went on for the next few days. I asked a medical staff supervisor, to which none would respond. I also asked to speak to A.D.C. staff supervisor [and] received the same. During these incidents the nurse denied me my doctor prescribed meds [and] made multiple disrespectful comments [and] said, "I don't care who you write or tell, they ain't gonna do shit, you're just an inmate, who's gonna believe you?" I have several witnesses to these encounters!
> Constitutional Right #4 violated, protection from cruel/unusual punishment.
>     -Nurse [Fernandez-Casas]-
> She denied me medical treatment (medication(s)). This is cruel and unusual punishment to deny me my medication for her own personal reason(s) on the date(s) listed above.

(ECF No. 12, at 1–2.) Although Fisher contends that Defendant Fernandez-Casas's actions violate the Fourth Amendment, because Fisher was likely a "pretrial detainee and

---

[3] The Court corrects the capitalization and spacing and omits the numbering from quotations from Fisher's Complaint.

not a convicted prisoner," the Fourteenth Amendment governs his claims of inadequate medical care. *See Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021) (quoting *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988)). Fisher demands monetary damages and injunctive relief. (*See* ECF No. 1, at 8.)

### III. MOTION TO DISMISS

Defendant Fernandez-Casas advances two grounds as to why the Second Particularized Complaint should be dismissed: (1) Fisher fails to allege facts that would suggest that Defendant Fernandez-Casas was deliberately indifferent to Fisher's serious medical needs; and (2) Fisher failed to exhaust his administrative remedies.

#### A. Failure to Exhaust Administrative Remedies

The pertinent statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Generally, in order to satisfy the exhaustion requirement, the inmate must file a grievance raising the claim and pursue the grievance through all available levels of appeal. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

Because the exhaustion of administrative remedies is an affirmative defense, Fernandez-Casas bears the burden of demonstrating lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Although it is possible to raise the defense in a motion to dismiss, the United States Court of Appeals for the Fourth Circuit has cautioned that it is a "rare, exceptional instance where administrative exhaustion [is] apparent on the

4

complaint's face." *Custis v. Davis*, 851 F.3d 358, 361–63 (4th Cir. 2017); *see Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (quoting *Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007), for the proposition that "only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse").

Fernandez-Casas argues that Fisher fails to indicate that he has exhausted his administrative remedies with respect to the claim alleged in the Second Particularized Complaint. Although Fisher had an opportunity to respond to this argument, and did not, the Court is unable to conclude that the lack of exhaustion appears on the face of the Second Particularized Complaint.[4] Instead, the Second Particularized Complaint is silent about exhaustion.[5] Contrary to Fernandez-Casas's assertion, this is not one of the "rare cases" where the inmate's failure to comply with § 1997e(a) can be assessed from the face of the Complaint. *Moore*, 517 F.3d at 725 (quoting *Freeman*, 479 F.3d at 1260).

Without information about the requirements of the Prince William County Adult Detention Center's grievance procedure, the Court cannot ascertain whether Fisher's

---

[4] Contrary to Defendant Fernandez-Casas's apparent suggestion, an inmate does not need to demonstrate exhaustion of administrative remedies in his complaint. *Custis*, 851 F.3d at 361 (citing *Jones*, 549 U.S. at 216; *Moore*, 517 F.3d at 725 (4th Cir. 2008)).

[5] In Fisher's original Complaint, he stated that he filed a grievance about the allegations contained therein at the Prince William County Adult Detention Center on October 10, 2020, and then stated that he was unable to appeal because there was no appeal process. (ECF No. 1, at 4.) However, Fisher's original allegations are not the same as his claim in his Second Particularized Complaint. The facts alleged in the Second Particularized Complaint occurred on February 11 through 13 (ECF No. 12, at 1), and it is unclear if that was in 2020 or 2021. Therefore, the Court notes that Fisher's statements about exhaustion in his original Complaint do not have any bearing on whether Fisher exhausted his administrative remedies with respect to his Fourteenth Amendment claim against Defendant Fernandez-Casas. Nevertheless, these statements tend to show that administrative remedies may not have been available to Fisher.

5

complaint about the denial of medication was grieveable. *See Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 682 n.5 (4th Cir. 2005)[6] ("To determine whether an inmate has exhausted his administrative remedies requires an understanding of the remedies available and thus likely would require information from the defendant as well as the inmate." (citing *Mojias v. Johnson*, 351 F.3d 606, 610–11 (2d Cir. 2003); *Snider v. Melindez*, 199 F.3d 108, 113–14 (2d Cir. 1999))). The Court requires such information because "a court considering dismissal of a prisoner's complaint for non-exhaustion must first establish from a legally sufficient source that an administrative remedy is applicable and that the particular complaint does not fall within an exception." *Mojias*, 351 F.3d at 610 (citing *Snider*, 199 F.3d at 114).

Because Defendant Fernandez-Casas fails to show that Fisher's lack of exhaustion is apparent from the face of his Second Particularized Complaint, the Motion to Dismiss (ECF No. 22) will be denied on this ground.

B.  **Failure to State a Fourteenth Amendment Claim**

"The due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) (citations omitted). Therefore, "a pretrial detainee makes out a violation of the [Fourteenth Amendment] where 'he shows deliberate indifference to serious medical needs' under cases interpreting the Eighth Amendment." *Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021) (quoting *Gentile*, 849 F.2d at 870). To allege

---

[6] *Anderson* was abrogated in part by *Jones v. Bock*, 549 U.S. 199 (2007), as recognized in *Custis*, 851 F.3d at 361–63.

an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). With respect to the denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A medical need is "serious" if it "'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)).

In the context of delayed medical care, the objective-prong analysis does not end there. In addition to demonstrating that a medical need was objectively serious, a plaintiff must also establish that the delay in the provision of medical care "resulted in substantial harm." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001)); *see Webb v. Hamidullah*, 281 F. App'x 159, 165 (4th Cir. 2008). "[T]he substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Shabazz v. Prison Health Servs., Inc.*, No. 3:10CV190, 2012 WL 442270, at *5 (E.D. Va. 2012) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837

7

(1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle*, 429 U.S. at 105–06).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

Fisher contends that Defendant Fernandez-Garcia refused to provide him with unidentified "mental health meds" from February 11th to 13th that were "doctor prescribed." (ECF No. 12, at 1.) Fisher alleges that she did this "for her own personal reasons." (*Id.*) While denying an inmate his prescription medications could certainly amount to deliberate indifference to a serious medical need, Fisher fails to allege any

8

injury much less a serious or significant injury, from not receiving these unidentified medications for a period of two to three days. *See Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). Moreover, Fisher's complaint is completely devoid of any allegation that the delay in receiving his medications "resulted in substantial harm" to his person. *Mata*, 427 F.3d at 751 (quoting *Oxendine*, 241 F.3d at 1276). In sum, Fisher fails to allege facts that would plausibly allege that he suffered any harm, much less substantial harm, from the few days without his unidentified medications. Because Fisher alleges no injury from Defendant Fernandez-Casas's actions, he fails to satisfy the objective prong of the inquiry. Accordingly, Fisher fails to state a claim of deliberate indifference for relief with respect to his medical care.[7]

### IV. CONCLUSION

The Motion to Dismiss (ECF No. 22) will be granted. Fisher's claim will be dismissed without prejudice. The action will be dismissed.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: April 26, 2022
Richmond, Virginia

---

[7] Fisher alleges that Defendant Fernandez-Casas's response to his request for medications was not particularly polite. (ECF No. 12, at 1.) However, no matter how terse her response might have been, allegations of verbal abuse or harassment do not state a claim of constitutional dimension. *See Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)).

9